1  Karen Barth Menzies (SBN 180234)
   kbm@classlawgroup.com
2  Jeffrey B. Kosbie (SBN 305424)
3  jbk@classlawgroup.com
   **GIBBS LAW GROUP LLP**
4  505 14th Street, Suite 1110
5  Oakland, California 94612
   Telephone: (510) 350-9700
6  Fax: (510) 350-9701
7  www.classlawgroup.com

8  *Attorneys for Defendant Michaela Higgins*

9
10                **IN THE UNITED STATES DISTRICT COURT**
11                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12                           **SAN FRANCISCO DIVISION**
13

14 | DR. HERMAN TULL, PH.D., et al., | Case No. 3:21-cv-01574-AGT |
15 | | |
   | Plaintiffs, | **DECLARATION OF KAREN BARTH** |
16 | | **MENZIES IN SUPPORT OF** |
   | v. | **ADMINISTRATIVE MOTION TO** |
17 | | **EXTEND TIME TO RESPOND TO THE** |
18 | MICHAELA HIGGINS, | **COMPLAINT** |
19 | | |
   | Defendant. | |
20
21
22
23
24
25
26
27
28

---

MENZIES DECL. ISO MOT. TO EXTEND TIME TO RESPOND TO THE COMPLAINT
CASE NO. 3:21-cv-01574

I, Karen Barth Menzies, declare as follows:

1. I am an attorney licensed to practice in this Court. I make this declaration in support of Defendant's Administrative Motion to Extend Time to Respond to the Complaint.

2. I make this statement on my own personal knowledge, and if called to testify, I could and would testify competently thereto, except where I make a statement on information and belief, in which case I am informed and believe the statement to be true.

3. I am a partner in the law firm of Gibbs Law Group LLP ("GLG"), counsel for Defendant in this matter.

4. Plaintiffs filed this case on March 5, 2021. Dkt. No. 1. On the same day, counsel for Plaintiffs filed the Complaint in *Jasha Tull v. Michaela Higgins*, Case No. 4:21-cv-05166-DMR (N.D. Cal.) (hereinafter "*Tull v. Higgins*"). On March 8, 2021, Plaintiffs served the Complaint in this case and *Tull v. Higgins* on Defendant Michaela Higgins.

5. Defendant Michaela Higgins called me on March 9, 2021, the day after she was served with the complaints, to discuss the cases and our firm's potential representation of her. Ms. Higgins informed me that she was served at home late in the evening on March 8. She was surprised by this, especially because she did not know that anyone had this relatively new home address for her.

6. At the time of our March 9 call, Ms. Higgins did not have legal representation and was not expecting to be sued. During that call, I informed Ms. Higgins that we would review the cases and determine whether we could represent her.

7. Over the next several days following that call, I reviewed the extensive factual information provided by Ms. Higgins and did legal research regarding potential defenses, aided by Jeffrey Kosbie, an associate at GLG. In addition, I discussed the cases with other attorneys at GLG.

8. On Monday, March 15, I contacted potential co-counsel to assist with representing Ms. Higgins. I had calls with potential co-counsel on Monday and Friday of that week to discuss the cases and potential representation of Ms. Higgins.

9. Around 4:00 pm on March 23, 2021, I called Christian Molnar, the lead attorney for Plaintiffs, to inform him that we were discussing potential representation of Ms. Higgins in both cases and to request a 30-day extension of time to file a response in this case and *Tull v. Higgins*. Mr. Molnar did not pick up his phone, and his mailbox was full.

10. Following my phone call, at 4:09 pm on March 23, I emailed Mr. Molnar to request a 30-day extension. My email explained that "[w]e are reviewing the case[s], but do not represent [Ms. Higgins] at this time" and requested a 30-day extension of time to respond to give Ms. Higgins time to obtain representation. See Exhibit A.

11. At 6:08 pm, I received a reply email from Tyler Summers, stating that Plaintiffs would not stipulate to an extension for Ms. Higgins and would decline further communications absent evidence of a signed retainer agreement. See Exhibit B.

12. After receiving Mr. Summers's response, I spoke on the phone with Hamilton Arendsen, a partner at the firm representing Plaintiffs. Mr. Arendsen assured me that his office typically agrees to an extension of time to respond to a complaint as a matter of course. After I informed Mr. Arendsen of Mr. Summers's email, however, Mr. Arendsen let me know that he would inquire about it.

13. Around 7:40 pm on March 23, Mr. Arendsen returned my call to confirm that Plaintiffs' Counsel would not agree to the requested extension. Mr. Arendsen told me that he had spoken with Mr. Molnar who agreed that they would typically grant such an extension, however Mr. Molnar explained that he was not authorized by the client to grant an extension in these cases.

14. Ms. Higgins's deadline to respond to the two complaints filed against her is currently March 29, 2021.

15. Ms. Higgins will be prejudiced if the requested extension of time is not granted. This case involves several complex legal and factual issues, and GLG continues to discuss the case and potential representation of Ms. Higgins with potential co-counsel and with Ms. Higgins. In addition, Ms. Higgins has provided numerous documents to counsel, which counsel continues to review. Without the requested extension of time, Ms. Higgins will be unable to secure counsel to represent her, and counsel will be unable to prepare a response.

16. Ms. Higgins acted diligently in seeking counsel, and counsel has acted diligently in reviewing the case to ensure that counsel can competently represent Ms. Higgins before agreeing to do so. In light of Plaintiffs' refusal to agree to an extension, GLG has agreed to represent Ms. Higgins for the limited purpose of moving the Court for an extension of time to answer or otherwise respond to the Complaints. GLG continues to discuss potential representation of Ms. Higgins as to all matters.

17. No previous extension of time has been requested or granted.

18. Plaintiffs will not be prejudiced by the requested extension of time.

19. The requested time modification will not impact any underlying schedule for the action. The Court has set an initial Case Management Conference for June 4, 2021, with an initial case management statement due on May 28, 2021. The requested extension would result in a deadline of April 28, 2021 to answer or otherwise respond to the complaints.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, executed this 24th day of March, 2021, in La Quinta, California.

                                          /s/ Karen Barth Menzies
                                          Karen Barth Menzies